IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**VALARIE JONES and**                                                    **PLAINTIFFS**
**THURMAN EDWARDS, JR.**

vs.                                      No. 4:20-cv-3904

**DIWALI BRYAN, LLC,**                                              **DEFENDANTS**
**and ANANT PATEL**

<u>**ORIGINAL COMPLAINT**</u>

COME NOW Plaintiffs Valarie Jones and Thurman Edwards, Jr. (collectively "Plaintiffs"), by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint ("Complaint") against Diwali Bryan, LLC, and Anant Patel (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs a proper minimum wage and overtime wages for all hours that Plaintiffs worked, and under Tex. Labor Code § 61.014 for declaratory judgment, monetary damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs their final paychecks after terminating their employments.

2.     Plaintiffs also bring this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601, *et seq.*

("FFCRA"), for declaratory judgment, monetary damages, reinstatement and a reasonable attorney's fee and costs as a result of Defendants' failure to provide paid sick time and Defendants' unlawful termination of Plaintiffs under the FFCRA.

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and the FFCRA.

4.    Plaintiffs' claim under the Texas Labor Code § 61.014 form part of the same case or controversy and arise out of the same facts as the FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiffs' Texas Labor Code claims pursuant to 28 U.S.C. § 1367(a).

5.    Defendants conduct business within the State of Texas, operating and managing a motel in Bryan.

6.    Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

7.    The acts alleged in this Complaint had their principal effect within the Houston Division of the Southern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

8.    Plaintiff Valarie Jones ("Jones") is an individual and a resident and domiciliary of Brazos County.

9.     Plaintiff Thurman Edwards, Jr. ("Edwards"), is an individual and a resident and domiciliary of Brazos County.

10.     Separate Defendant Diwali Bryan, LLC ("DB"), is a domestic limited liability company.

11.     DB's registered agent for service is Anant Patel, at 4103 Belt Line Road, Addison, Texas 75001.

12.     DB does business as Motel 6 and as Studio 6.

13.     Separate Defendant Anant Patel ("Patel") is an individual and resident of Texas.

## IV.     FACTUAL ALLEGATIONS

14.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

15.     Patel is a principal, director, officer, and/or owner of DB.

16.     Patel took an active role in operating DB and in the management thereof.

17.     Patel, in his role as an operating employer of DB, had the power to hire and fire Plaintiffs, often supervised Plaintiffs' work and determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

18.     Patel, at relevant times, exercised supervisory authority over Plaintiffs in relation to their work schedule, pay policy and the day-to-day job duties that Plaintiffs' jobs entailed.

19.     Patel acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20.     DB acted as the employer of Plaintiffs and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21.     Respondent employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as computers, credit cards and cleaning supplies.

22.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

23.     At all relevant times herein, Defendants were "employers" of Plaintiffs within the meaning of the FLSA.

24.     At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

25.     At all relevant times herein, Defendants directly hired Plaintiffs to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26.     Defendants had the power to supervise, hire, fire and discipline Plaintiffs, and the power to set the schedule and conditions of Plaintiffs' work, including the creation and maintenance of the pay policy applicable to Plaintiffs.

27.     Defendants operate a motel in Bryan.

28.     Jones worked for Defendants as a Front Desk Clerk from August of 2019 until October of 2020.

29.     Jones was classified as nonexempt from the overtime requirements of the FLSA and was paid an hourly rate.

30.     Edwards worked for Defendants as a Maintenance Worker from June of 2019 until October of 2020.

31.     Edwards was classified as nonexempt from the overtime requirements of the FLSA and was paid an hourly rate.

32.     Plaintiffs regularly worked more than forty hours in a single workweek.

33.     It was Defendants' practice not to pay Plaintiffs for all the hours they worked.

34.     Jones worked approximately one to two hours off the clock each week to assist coworkers in their duties or to help at the front desk.

35.     Defendants frequently directed Jones to perform this work or, if a coworker asked Jones for help directly while Jones was not clocked in, Jones generally notified Defendants that she had performed additional work off the clock.

36.     Defendants knew or should have known that Jones was working hours off the clock for which she was not paid.

37.     Edwards was regularly called in by Defendants for maintenance jobs, and if the job took less than an hour to complete, he was not compensated for his time. If the job took an hour or more, Edwards submitted his time for that job, but he is unsure whether these hours were actually included in his pay.

38.     Edwards estimates he spent approximately five to eight hours each week completing maintenance jobs for which he was not compensated.

39.     On a few occasions, Defendants directed Edwards to run personal errands for Defendants for which Edwards was not compensated. Edwards estimates he spent a total of three hours running personal errands for Defendants which went unrecorded and uncompensated.

40.     Defendants knew or should have known that Edwards was working hours off the clock for which he was not paid.

41.     When Plaintiffs' recorded hours exceeded forty per week, Defendants regularly shaved Plaintiffs' hours so that Plaintiffs were only paid for forty hours or around forty hours per week.

42.     Specifically, hours that Plaintiffs worked in excess of forty in a week were moved to weeks in which Plaintiffs did not work more than forty hours.

43.     Defendants intentionally recorded Plaintiffs' hours in the wrong week to avoid paying Plaintiffs a proper overtime rate.

44.     Defendants terminated Plaintiffs in October of 2020 and failed to pay them their final paychecks, which encompassed one to two days of work.

45.     Because Plaintiffs did not receive any wages for their work during their final one to two days of work, Defendants failed to pay them the federal minimum wage during their final pay period.

46.     In addition to their hourly wage, Plaintiffs also received a rent credit of around $150.00 per month as part of their compensation.

47.     During weeks in which Plaintiffs worked over forty hours, Defendants paid an improper overtime rate because Defendants failed to include the value of the rent credit that Defendants provided to Plaintiffs when calculating their overtime rates.

48.      Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent credits, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

49.     Therefore, Defendants violated the FLSA by not including all forms of compensation, such as rent credit, in the regular rate when calculating Plaintiffs' overtime pay.

50.     As a result of these policies and practices, Defendants failed to pay Plaintiffs a proper overtime premium for all of the hours they worked in excess of forty per week.

51.     At all relevant times herein, Defendants failed to accurately record all of the time worked off the clock by Plaintiffs and failed to properly compensate all of the off-the-clock hours.

52.     Defendants knew or should have known that the job duties of Plaintiffs required Plaintiffs to work hours in excess of their recorded hours, yet Defendants failed and refused to compensate Plaintiffs for their work as required by the FLSA.

53.     At all times relevant hereto, Defendants were aware of the overtime requirements of the FLSA.

54.     At all relevant times herein, Defendants have deprived Plaintiffs of regular wages and overtime compensation for all of the hours worked over forty per week.

55.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

56.     In October of 2020, Edwards began manifesting many of the symptoms associated with COVID-19.

57.     Edwards was subsequently tested for COVID-19, and, upon the doctor's recommendation due to their frequent proximity to each other, Jones was tested as well.

58.     On October 28, Plaintiffs provided Defendants with doctor's notes stating that they should not go into work for ten days (from October 28 until November 7) unless their test results came back negative for COVID-19.

59.     On October 28, Defendants terminated Jones's employment.

60.     Defendants also terminated Edwards's employment at or around the same time.

61.     Upon information and belief, Plaintiffs' employment was terminated because they were required to take leave from work due to their COVID-19-like symptoms.

## V.     FIRST CAUSE OF ACTION—Violation of the FLSA

62.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

46.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47.     At all times relevant to this Complaint, Defendants have been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

48.     At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

49.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

50.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as rent credit, in the regular rate when calculating Plaintiffs' overtime pay.

51.     Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of 1.5x their regular rate of pay for all hours worked over 40 each week.

52.     Defendants failed to pay Plaintiffs the federal minimum wage during the last pay period that they worked.

53.     Defendants' failure to pay Plaintiffs all minimum wages and overtime wages owed was willful.

54.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

55.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CAUSE OF ACTION—Violation of the FFCRA

56.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

57.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FFCRA, 29 U.S.C. § 5101, *et seq.*

58.     At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FFCRA, 29 U.S.C. § 5110(2).

59.     At all relevant times, Plaintiffs were "employees" within the meaning of the FFCRA, 29 U.S.C. § 5110(1).

60.     Section 5102 of the FFCRA requires employers to provide paid sick leave to each full-time employee for up to eighty hours. Any employer who fails to provide paid sick leave shall be considered to have failed to pay minimum wages in violation of the FLSA.

61.     Section 5104 of the FFCRA states that it is unlawful for any employer to terminate the employment of or discriminate in any other manner against any employee who takes leave in accordance with the FFCRA. Any employer who willfully violates Section 5104 shall be considered to have unlawfully retaliated against the employee under the FLSA, and shall be liable for such legal or equitable relief as may be appropriate, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional amount as liquidated damages.

62.     Defendants failed to pay Plaintiffs sick leave, despite Plaintiffs' entitlement thereto.

63.     Defendants terminated Plaintiffs in violation of Section 5104 of the FFCRA.

64.     Defendants knew or should have known that their practices violated the FFCRA.

65.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

66.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the FFCRA.

**VII.     THIRD CAUSE OF ACTION—Violation of Texas Labor Code § 61.014**

67.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

68.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the Texas Labor Code.

69.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the Texas Labor Code, § 61.001.

70.     Tex. Labor Code § 61.014 requires employers to pay terminated employees in full within six days after the date of discharge, and requires employers to pay an employee who leaves voluntarily within the date of the next scheduled payday.

71.     To date, Defendants have not paid Plaintiffs their final paycheck, and the time period specified in Tex. Labor Code § 61.014 has expired.

72.     Defendants are liable to Plaintiffs for, and Plaintiffs seek, the wages Plaintiffs earned during their final pay period of work.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Valarie Jones and Thurman Edwards, Jr., respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B.     Declaratory judgment that Defendants' practices alleged in this Complaint violate the FFCRA and its related regulations;

C.     Declaratory judgment that Defendants' practices alleged in this Complaint violate the Texas Labor Code and its related regulations;

D.     Judgment for damages suffered by Plaintiffs for all unpaid overtime wages under the FLSA and its related regulations;

E.     Judgment for damages suffered by Plaintiffs for all unpaid minimum wages under the FFCRA and its related regulations;

F.     Judgment for damages suffered by Plaintiffs for lost wages under 29 U.S.C. § 216(b);

G.     Reinstatement of Plaintiffs to their former employment under 29 U.S.C. § 216(b);

H.     Judgment for liquidated damages owed to Plaintiffs pursuant to the FLSA, the FFCRA and their related regulations;

I.      Judgment for damages suffered by Plaintiffs for their final paycheck under Texas Labor Code § 61.014;

J.      An order directing Defendant to pay Plaintiffs interest, a reasonable attorney's fee and all costs connected with this action; and

K.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**VALARIE JONES and THURMAN EDWARDS, JR., PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com